## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | | |
|---|---|---|
| **PAUL CAMPBELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No:** |
| **v.** | ) | **3:24-cv-067** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Paul Campbell and files this Complaint for Damages against Defendant United States of America and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Plaintiff Paul Campbell is a U.S. military veteran and received an honorable discharge from the United States Army.

### 2.

Plaintiff brings this personal injury action under 28 U.S.C 1346(b), *et seq.*, the Federal Tort Claims Act ("FTCA").

### 3.

As a retired military veteran Plaintiff was qualified to receive medical benefits from Defendant United States of America through its subdivision, the Department of Veterans Affairs.

### 4.

Defendant United States of America and its subdivision, the Department of Veterans Affairs, manages and operates a medical facility in Dublin, Georgia, by and

through its employees, medical care practitioners, and staff, known as the Carl Vinson Veterans Administration Medical Center ("Vinson VAMC").

5.

Defendant United States of America, by and through its Department of Veterans Affairs, is subject to the exclusive jurisdiction and venue provisions of 28 U.S.C. § 1346(b). The United States of America, acting by and through the Department of Veterans Affairs, may be served with a copy of the Summons and Complaint by serving the same upon the United States Attorney for the Southern District of Georgia, or upon his Assistant United States Attorney or clerical employee whom the United States Attorney designates as suitable to receive the Summons and Complaint at 600 James Brown Blvd, Suite 200, Augusta, GA 30901, and upon the Honorable Merrick Garland, the Attorney General of the United States by certified mail, return receipt requested at United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 30530, and upon the Department of Veterans Affairs by certified mail, return receipt requested at Office of General Counsel, Torts Law Group, 810 Vermont Avenue, NW, Washington, D.C. 20420.

6.

Pursuant to the FTCA, jurisdiction and venue are proper in the United States District Court, Southern District of Georgia, Dublin Division.

7.

At all times relevant herein, the Defendant and the Vinson VAMC, were acting by and through their employees who were within the scope of their employment at the time of the various events which give rise to the claims asserted herein.

## CONDITIONS PRECEDENT

8.

All conditions precedent to the filing of this action and to the Plaintiff's right to the relief sought have been satisfied, performed, or excused.

9.

Proper and timely notice of the Plaintiff's claims for damage and injury was received by the Department of Veterans Affairs, Office of General Counsel, Torts Law Group on March 22, 2022, demanding $5,000,000 for Plaintiff's personal injuries. The timely notice is attached to this Complaint as Exhibit A.

10.

On July 26, 2024, the Department of Veterans Affairs, Office of General Counsel, Torts Law Group issued a notice to Plaintiff's counsel denying Plaintiff's claim and stating any suit must be filed within 6 months from July 26, 2024. A copy of this letter is attached to the Complaint as Exhibit B.

## FACTUAL SUMMARY

11.

Plaintiff regularly and routinely attended medical appointments and underwent medical procedures at the Vinson VAMC from roughly 2014-present.

12.

On March 22, 2022, Plaintiff received a letter from the Vinson VAMC notifying him about a problem the Vinson VAMC had recently discovered. A copy of that letter is attached to the Complaint as Exhibit C. The Vinson VAMC stated that certain reusable medical equipment was supposed to go through a multiple step cleaning process to ensure proper cleaning and sterilization. But the Vinson VAMC learned during an internal

hospital review that there were times when all the necessary steps for safe cleaning and sterilization of the medical equipment were not followed.  The Vinson VAMC further noted they had identified Plaintiff as a veteran that may have been impacted and exposed to unclean, unsanitary, and unsterilized medical equipment during the applicable time period.

13.

The Vinson VAMC noted medical equipment that was not properly cleaned and sterilized, but nevertheless used in a medical procedure, could lead to an infection.  As a result, the Vinson VAMC stated Plaintiff may want to be tested for hepatitis B, hepatitis C, and HIV.  The Vinson VAMC further provided a phone number for Plaintiff to call in the event he wanted to schedule lab work to be tested.

14.

Plaintiff scheduled an appointment to have his lab work drawn and tested.

15.

Plaintiff's lab work indicated he tested positive for hepatitis B.

16.

Plaintiff was not otherwise exposed to the hepatitis B virus outside the Vinson VAMC.

17.

It was the duty of certain, currently unidentified, employees or agents at Vinson VAMC to property clean and sterilize the medical equipment used in medical procedures.

18.

Plaintiff underwent a medical procedure at Vinson VAMC and was exposed to the unclean and unsterilized medical equipment.

## COUNT ONE – ORDINARY NEGLIGENCE

### 19.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint as if set forth fully herein.

### 20.

Defendant owed Plaintiff a duty to exercise ordinary diligence and reasonable care to ensure Plaintiff did not suffer unnecessary harm.

### 21.

Defendant and its employees and/or agents at Vinson VAMC owed a duty of care to Plaintiff and to provide doctors and nurses performing procedures with clean and sterile medical equipment.

### 22.

Defendant and its employees and/or agents at Vinson VAMC breached that duty by not properly cleaning and sterilizing the equipment before it was used in Plaintiff's medical procedure.

### 23.

As a direct and proximate result of Defendant's breaches of the duty of care Plaintiff contracted the permanent and incurable hepatitis B infection, suffered personal injuries, pain, suffering, fright, anguish, and lost quality of life. Plaintiff also incurred medical expenses as a result of Defendant's negligence.

WHEREFORE, Plaintiff prays for the following relief:

A.  That process issue and a copy of this Complaint and Summons be served upon Defendants as provided by law;

B.  That Plaintiffs have judgment against Defendant for all damages allowed under the law;

C.  That Plaintiffs recover all costs of this action; and

D.  That Plaintiffs have such other and further relief as deemed necessary under the circumstances.

Respectfully submitted this 17th day of September, 2024.

**NICHOLSON REVELL LLP**

*/s/ A. Dixon Revell*
A. Dixon Revell
Georgia Bar No. 316501
4137 Columbia Road
Augusta, Georgia 30909
(706) 722-8784
*Attorney for Plaintiff*
